**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00721-TBR-LLK**

ANDREA PERCELL, Plaintiff,

v.

COMMONWEALTH OF KENTUCKY
DEPARTMENT OF MILITARY AFFAIRS, *et al.*, Defendants.

**MEMORANDUM OPINION AND ORDER**

In 2016, Andrea Percell filed this action against her former employer, the Commonwealth of Kentucky Department of Military Affairs, bringing claims for racial discrimination, retaliation, and wrongful discharge under the Kentucky Civil Rights Act (KCRA), along with an interference claim under the Family Medical Leave Act (FMLA). [R. 1 at 5–6, ¶¶ 23–31 (Complaint).] Soon after, the Commonwealth filed a motion for judgment on the pleadings as to Percell's KCRA claims. [R. 12 (Motion for Judgment on Pleadings).] While the Commonwealth's motion remained pending, Percell asked to file an amended complaint, supplementing her factual allegations in response to that motion. [R. 14 (Motion for Leave); *see also* R. 14-1 (Proposed First Amended Complaint).] The Commonwealth filed no papers in opposition.

Because Percell sought leave to file an amended complaint while the Commonwealth's motion for judgment on the pleadings was outstanding, the Court must first decide whether to grant leave to amend. *See Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988); *Marks v. Shell Oil Co.*, 830 F.2d 68, 70 (6th Cir. 1987). Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely allow a party to amend its pleading when justice so requires. Leave to amend is liberally granted, except where

1

there is "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Ultimately, the decision to grant or deny leave "is committed to [this Court's] sound discretion." *Moore v. City of Paducah*, 790 F.3d 557, 559 (6th Cir. 1989); *see also Ruschel v. Nestlé Holdings, Inc.*, 89 F. App'x 518, 521 (6th Cir. 2004).

Here, there has been no showing that Percell either unduly delayed before asking to amend, or acted in bad faith. Nor is it apparent why the Commonwealth would be unduly prejudiced by the proposed amended complaint. Accordingly, the Court will grant Percell leave to file an amended complaint.

Because Percell's amended complaint supersedes the original complaint, the Commonwealth's motion for judgment on the original pleadings is moot. *See Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)); *Glass v. Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008); *see also Othen v. Ann Arbor Sch. Bd.*, 699 F.2d 309, 311 (6th Cir. 1983) ("It is clear that the amended complaint superseded the original complaint."). Once the amended complaint is docketed, the Commonwealth is of course free to move for judgment on the pleadings again if it feels the same is meritorious.

**IT IS HEREBY ORDERED** that the Purcell's Motion for Leave, [R. 14], is **GRANTED**. The Clerk of the Court is **DIRECTED** to docket the attached First Amended Complaint, [R. 14-1].

**IT IS FURTHER ORDERED** that the Commonwealth's Motion for Judgment on Pleadings, [R. 12], is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record