UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:16-CV-00721-RGJ-LLK

ANDREA PERCELL                                                                                      PLAINTIFF

v.

COMMONWEALTH OF KENTUCKY
KENTUCKY DEPARTMENT OF MILITARY AFFAIRS, *et al*.                    DEFENDANTS

## ORDER AND OPINION

Judge Rebecca Grady Jennings referred this matter to Magistrate Judge Lanny King for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues and discovery motions. (Docket # 37). Defendant, Commonwealth of Kentucky, Kentucky Department of Military Affairs, filed a Motion to Compel complete responses to several written interrogatories. (Docket # 35). Plaintiff, Andrea Percell, filed her Response in opposition, and Defendant filed its Reply. (Docket # 42, 43). This matter is ripe for adjudication. For the reasons set forth below, Defendant's Motion to Compel is granted in part and denied in part. (Docket # 35).

**Background**

This action was brought pursuant to provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*., provisions of the Kentucky Civil Rights Act, and Kentucky Revised Statutes 344.010, *et seq*. Plaintiff filed her initial Complaint on November 15, 2016. (Docket # 1). On February 15, 2017, Defendant filed its Motion for Judgement on the Pleadings (Docket # 12), which Judge Russell denied on May 15, 2017 (Docket # 16). On May 15, 2017, Plaintiff filed her First Amended Complaint. (Docket # 17). On June 5, 2017, Defendant filed a Motion to Dismiss

1

for Failure to State a Claim (Docket # 18), which Judge Russell denied on December 12, 2017 (Docket # 21). On December 18, 2017, Plaintiff filed her Second Amended Complaint. (Docket # 22). On December 21, 2017, Defendant filed a second Motion to Dismiss for Failure to State a Claim. (Docket # 23). After filing the second Motion to Dismiss and during a telephonic status conference with Magistrate Judge King on March 16, 2018, Defendant orally requested to stay discovery until after the pending Motion to Dismiss (Docket # 23) was resolved. (Docket # 29). Magistrate Judge King denied the oral motion to stay. (*Id.*).

Under the Amended Scheduling Order, fact discovery closed on August 31, 2018. (Docket # 34). Defendant asserts that it propounded its First Set of Interrogatories and Requests for Production on July 11, 2018. (Docket # 35). Plaintiff served her responses to the interrogatories by first class mail on August 15, 1018, which Defendant received on August 17, 2018. (Docket # 35, 35-1). On August 24, 2018, Defendant filed this Motion to Compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Docket # 35). Also, on August 24, 2018, Defendant filed a Motion to Amend/Correct the Scheduling Order. (Docket # 36). On September 4, 2018, Magistrate Judge King held a telephonic status conference and entered an expedited briefing schedule for the pending motions. (Docket # 41).

**Legal Standard**

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . ." FED. R. CIV. P. 26(b)(1). Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *Albritton v. CVS Caremark Corp.*, No. 5:13-CV-00218-GNS-LLK, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted)). However, the scope of discovery is not unlimited. "On motion or on its own, the court must limit the

2

frequency or extent of discovery . . . if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Id*. (quoting FED. R. CIV. P. 26(b)(2)(C)(iii)). The determination of "the scope of discovery is within the sound discretion of the trial court." *Cooper v. Bower*, No. 5:15-CV-249-TBR, 2018 WL 663002, at *1 (W.D. Ky. Jan. 29, 2018), *recons. denied*, 2018 WL 1456940 (W.D. Ky. Mar. 22, 2018) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)).

Federal Rule of Civil Procedure 33(b)(3) requires the responding party to answer each interrogatory "to the extent it is not objected to." FED. R. CIV. P. 33(b)(3). Federal Rule of Civil Procedure 33 is structured such that, in combination with Rule 26(g)(1), both the requesting party and the court may be assured that *all* responsive, non-privileged materials are being produced, except to the extent a valid objection has been made. *Heller v. City of Dall*., 303 F.R.D. 466, 487 (N.D. Tex. 2014) (citing *Evans v. United Fire & Cas. Ins. Co.*, 2007 WL 2323363, at *1, 3 (E.D. La. Aug. 9, 2007) (emphasis in original)). A party seeking discovery may move for an order compelling an answer under Rule 33. FED. R. CIV. P. 33(B)(iii).

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery," provided that the party certifies to the Court that it has, in good faith, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. FED. R. CIV. P. 37(a)(1); *see id*. at (a)(3)(B)(iii)-(iv) (providing that a party may move to compel answers to interrogatories submitted under Rule 33). The party who files a motion to compel discovery "bears the burden of demonstrating relevance." *Albritton v. CVS Caremark Corp.*, No. 5:13-CV-00218-GNS-LLK, 2016 WL 3580790, at *3 (W.D. Ky. June 28, 2016).

**Analysis**

Defendant filed this Motion to Compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Docket # 35). At issue are Interrogatory Nos. 1, 2, 3, 4, 5, 8, 9, 10, 11, 12, 15, and 16, propounded upon Plaintiff on July 11, 2018 (First Set of Interrogatories and Requests for Production, Docket # 35-1). Plaintiff responded to each of the requests.

Each of the contested discovery requests are "contention" interrogatories that "seek to clarify the basis for or scope of an adversary's legal claims." *Starcher v. Corr. Med. Sys., Inc.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998) *aff'd sub nom. Cunningham v. Hamilton Cnty., Ohio*, 527 U.S. 198, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999). The Sixth Circuit Court of Appeals has stated that the "general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required." *Starcher*, 144 F.3d at 421 n.2. "It is widely accepted that 'contention interrogatories' which ask a party to state the facts upon which it bases a claim or defense, are a permissible form of written discovery." *Davis v. Hartford Life & Accident Ins. Co.*, No. 3:14-CV-00507-TBR, 2015 WL 7571905, at *5 (W.D. Ky. Nov. 24, 2015) (quoting *Alexander v. Hartford Life & Acc. Ins. Co.*, No. 3-07-CV-1486-M, 2008 WL 906786, at *4 (N.D. Tex. Apr. 3, 2008)). Furthermore, Rule 33(a)(2) of the Federal Rules of Civil Procedure states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." FED. R. CIV. P. 33(a)(2). When a party is asked to provide "contention type discovery [the party] must identify the witnesses and documents he/she has marshaled . . . and to help illuminate the issues to be resolved as the responses and answers are due." *Davis*, 2015 WL 7571905, at *5 (W.D. Ky. Nov. 24, 2015) (quoting *Burnett & Morand*

4

*P'ship v. Estate of Youngs*, No. 3:10-CV-3-RLY-WGH, 2011 WL 1237950, at *3 (S.D. Ind. Apr. 4, 2011)).

In her responses to most[1] of the contention interrogatories, Plaintiff objects as they require her to provide a lengthy explanation that can be explored through deposition(s). Defendant argues that the opportunity to discuss the matters further in a deposition is not an appropriate objection as set forth in the Federal Rules of Civil Procedure. Plaintiff fails to explain or cite any authority for the proposition that she is not required to answer written discovery, despite its broad scope, because those questions may be better explored through deposition.

Instead, Plaintiff repeatedly relies on three cases where courts have either affirmed a magistrate judge's order that denied a motion to compel responses to contention interrogatories due to prematurity or outright denied a motion to compel responses to contention interrogatories because of prematurity. *See e.g. FDIC v. Butcher*, 116 F.R.D. 203, 204 (E.D. Tenn. 1987); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 334 (N.D. Cal. 1985); *Penn Cent. Transp. Co. v. Armco Steel Corp.*, 27 Ohio Misc. 76, 80, 271 N.E.2d 877 (Ct. Com. Pl. 1971). However, Plaintiff fails to show how these contention interrogatories are premature when they were sent less than two months before discovery was set to close. "The general policy is to defer contention seeking interrogatories until discovery is near an end in order to promote efficiency and fairness." *See e.g., Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1996 U.S. Dist. LEXIS 4494, 1996 WL 169389, at *2 (N.D. Ill. Apr. 9, 1996); *Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3 (D.D.C. 1995); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 110-11 (D.N.J. 1990). Therefore, Plaintiff's objections that these "lengthy explanations" may be better explored through deposition(s) are overruled.

---

[1] Interrogatory No. 8 is the only contention interrogatory at issue for which Plaintiff did not raise this objection for.

In addition to the blanket objection that Plaintiff is not required to respond to the interrogatories because they may be explored through deposition, Plaintiff raises objections and arguments to specific interrogatories.

For Interrogatories Nos. 1 and 2, Defendant seeks the facts surrounding Plaintiff's claims for sex and race discrimination.

> Interrogatory No. 1: Describe in detail the facts surrounding the claim in paragraph 29[2] of your Second Amended Complaint that the Kentucky Department of Military Affairs ("KDMA") has discriminated against you on the basis of your sex, including but not limited to:
> a) the substance of allegations;
> b) the dates of occurrence;
> c) the identity of all persons engaging in conduct that you believe constituted such discrimination; and
> d) the identity of any witness involved.
>
> Interrogatory No. 2: Describe in detail the facts surrounding the claim in paragraph 29 of your Second Amended Complaint that the KDMA has discriminated against you on the basis of your race, including but not limited to:
> a) the substance of allegations;
> b) the dates of occurrence;
> c) the identity of all persons engaging in conduct that you believe constituted such discrimination; and
> d) the identity of any witness involved.

(Docket # 35-1). Plaintiff points to the allegations in the Second Amended Complaint that she requested to be placed into higher pay Grades but was denied on the basis of her sex and race, respectively. (*Id.*; *see* Docket # 22). In the Response, Plaintiff specifies that, at least for Interrogatory No. 1, paragraphs 12, 13, 15, and 16 in the Second Amended Complaint sufficiently respond to the request. (Docket # 42). Plaintiff fails to specify which paragraphs in the Second Amended Complaint respond to Interrogatory No. 2.

---

[2] Paragraph 29 of the Second Amended Complaint states: "Pursuant to KRS 344.040(1), it is an unlawful practice for an employer to discriminate against an employee with respect to terms, conditions of employment, where, as here, by refusing to place an employee into higher paying positions because of the person's race and/or sex." (Docket # 22).

For Interrogatory Nos. 1 and 2, Plaintiff argues that, to the extent Defendant may be seeking additional information, such a request would be asking her to provide a narrative account of her case, which is overbroad and unduly burdensome. In *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2011 U.S. Dist. LEXIS 103118, at *58 (D. Kan. Sep. 12, 2011), the court noted that "[i]nterrogatories should not require the answering party to provide a narrative account of its case. The court will generally find them overly broad and unduly burdensome on their face to the extent they ask for 'every fact' which supports identified allegations or defenses." However, the court in *High Point SARL* held that interrogatories that requested "all facts and circumstances" were not all objectionable. *Id*.

The Court may require parties to answer interrogatories dealing with the factual bases of their allegations. Fact interrogatories are "consistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint." *Wagner v. St. Paul Fire & Marine Ins. Co.*, 238 F.R.D. 418, 426 (N.D.W. Va. 2006) (quoting *Cable & Computer Tech. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997) (quoting *In re One Bancorp Sec. Litig.*, 134 F.R.D. 4, 8 (D. Me. 1991)). An interrogatory may properly inquire into a party's contentions in the case and the factual basis. *Wagner*, 238 F.R.D. 418, 426 (N.D.W. Va. 2006). "The defendant is entitled to know the factual basis of plaintiff's allegations and the documents which the plaintiff intends to use to support those allegations." *Id*. (quoting *Continental Illinois Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991) (citations omitted)). Furthermore, under Rule 33, Plaintiff is required to answer each interrogatory to the extent to which it is not objected. FED. R. CIV. P. 33(b)(3). In this case, it is not unreasonable for Defendant to request specific instances of or witnesses to the alleged conduct.

In the Response, Plaintiff specifies that for Interrogatory No. 1, paragraphs 12, 13, 15, and 16 in the Second Amended Complaint sufficiently respond to the request. (Docket # 42). Plaintiff argues that the allegations in her Second Amended Complaint provide sufficient information in response to Defendant's requests. It is unclear what Plaintiff means by "sufficiently respond." If the specified paragraphs fully respond to the "factual basis" requested, then Defendant's request to compel a response is denied. To the extent that the specific paragraphs highlighted by Plaintiff do not fully respond and give the "factual basis" then Defendant's request to compel a response to Interrogatory No. 1 is granted.

Plaintiff fails to specify which paragraphs in the Second Amended Complaint respond to Interrogatory No. 2. Defendant's request to compel a response to Interrogatory No. 2 is granted.

For Interrogatory No. 3, Defendant seeks the facts surrounding Plaintiff's claim of retaliation.

> Interrogatory No. 3: Describe in detail the facts surrounding the claim of retaliation set forth in paragraphs 28[3] of your Second Amended Complaint, including but not limited to:
> a) the substance of allegations;
> b) the dates of occurrence;
> c) the identity of all persons engaging in conduct that you believe constituted such discrimination; and
> d) the identity of any witness involved.

(Docket # 35-1). Plaintiff points to her allegations in the Second Amended Complaint where she complained on several occasions during her employment about the rate of pay she received in comparison to other males and white females and the amount of work she was doing for such lower rate of pay. (*Id.*). Plaintiff states that she verbally complained to Equal Employment Opportunity Commission ("EEOC") officer Martin Jones in April 2016. (*Id.*). Plaintiff further states that she

---

[3] Paragraph 28 of the Second Amended Complaint states: "By the foregoing acts and omissions, the Defendant has violated KRS 344.280 by retaliating and/or discriminating against Percell because she opposed a practice declared unlawful by KRS 344.040, *et seq.*" (Docket # 22).

was discharged in retaliation for engaging in the protected activity of complaining to her superiors and EEOC officer Martin Jones about the discrimination she was experiencing. (*Id*.). Again, Plaintiff fails to specify which paragraphs in the Second Amended Complaint respond to Interrogatory No. 3.

As stated above, under Rule 33, Plaintiff is required to answer each interrogatory to the extent to which it is not objected. FED. R. CIV. P. 33(b)(3). Defendant's request to compel a response to Interrogatory No. 3 is granted.

For Interrogatory Nos. 4 and 5, Defendant seeks the identities of supervisors that Plaintiff complained to about being discriminated against based on her sex and race, respectively.

> Interrogatory No. 4: Identify the supervisor(s) to whom you complained that you had been discriminated against based upon your sex, as set forth in paragraph 29 of your Second Amended Complaint. For each person identified, please provide the date(s) the complaints were made and indicate whether you complained to that individual about the denial of your request for promotion.
>
> Interrogatory No. 5: Identify the supervisor(s) to whom you complained that you had been discriminated against based upon your race, as set forth in paragraph 29 of your Second Amended Complaint. For each person identified, please provide the date(s) the complaints were made and indicate whether you complained to that individual about the denial of your request for promotion.

For both Interrogatories, Plaintiff identifies supervisors Patrick Yewell, Gordon Disch, Troy Hampton, Christopher McGhee, Charles Jones, and Martin Jones. However, Defendant argues that Plaintiff failed to state whether she complained to individuals regarding a denial of her alleged request for promotion. (Docket # 35). In her Response, Plaintiff argues that she listed all of the individuals to which she made complaints. (Docket # 42). However, Plaintiff does not fully respond to Interrogatory Nos. 4 or 5 as she fails to provide the dates the complaints were made and indicate whether she complained to those individuals about the denial of her request for promotion. Therefore, Defendant's requests to compel responses to Interrogatory Nos. 4 and 5 are granted.

9

For Interrogatory No. 8, Defendant seeks information on the damages that Plaintiff seeks.

Interrogatory No. 8: With respect to the damages you seek:
a) Describe in detail the types and amounts (where quantifiable) of all damages you are seeking; and
b) Describe in detail the manner in which you calculated the damages in response to Interrogatory 10(a).

Plaintiff responds without objections as follows:

a. The exact measure of damages is not yet known at this time and will need to be recalculated at the conclusion of discovery but they include:
   1. The difference in pay between Plaintiff's Pay Grade compensation she received while employed by Defendant and the compensation at the higher Pay Grades for which she should have received absent the discrimination and retaliation;
   2. Approximate Back Pay beginning July 15, 2016, the day following Plaintiff's last day of employment with Defendant until the present;
   3. Approximate Front Pay for the period of time that Plaintiff would have remained employed, absent being discharged for discriminatory and retaliatory reasons;
   4. A yet unspecified sum for loss of additional benefits that may have been due as the result of No. 2 above;
   5. A yet unspecified sum for emotional pain, physical pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses; an award of Plaintiff's attorney's fees and costs. As to (b) there is no Interrogatory 10(b) relating to damages.

Defendant fails to explain why Plaintiff's response is insufficient. Accordingly, Defendant's request to compel a response to Interrogatory No. 8 is denied.

For Interrogatories Nos. 9 and 10, Defendant seeks the identities of white males and white females that Plaintiff contends were placed into positions with higher pay grades than African-American females.

Interrogatory No. 9: With regard to the allegations contained in paragraph 18 of your Second Amended Complaint, identify each and every "white male" and "white female" you contend were "placed into positions with higher pay grades than African-American females, like [yourself]." Also identify each and every African American female referenced in the above statement by name, position, and pay grade.

Interrogatory No. 10: With regard to the allegations contained in paragraph 18 of your Second Amended Complaint, identify each and every "white female" and "white male" employee you contend was "placed into [a] position with higher pay grades than African-

American females." Please provide each individual's name, position, pay grade, when that individual was placed into a position with a higher pay grade, whether you applied for the same position.

For both Interrogatories, Plaintiff identifies Vicki Harl and Dottie Heffelfinger as white employees placed in such positions, and herself as the African American female employee. In her Response, Plaintiff highlights paragraph 18 of the Second Amended Complaint, which states:

> On or around April 4, 2106, Percell verbally reported to Bluegrass ChalleNGe Academy Equal Employment Opportunity Officer Martin Jones her concerns that Bluegrass ChalleNGe Academy was not following proper hiring procedures. Specifically, she informed Bluegrass ChalleNGe Academy EEO Officer Jones that: 1) she had been forced to take on additional duties of a departing employee and she possessed the skills, experience and qualifications to be placed into a higher pay grade but has been denied same by Bluegrass ChalleNGe Academy; and 2) white females and males are given preferential treatment by being placed into positions with higher pay grades than African-American females, like herself, even though such white females and males did not possess the requisite skills and/or qualifications for such grades.

(Docket # 22, pp. 4-5).

Although Plaintiff identifies two individuals, she fails to include their positions, pay grades, when those individuals were placed into a position with a higher pay grade, and whether she applied for the same positions. Accordingly, Plaintiff has not fully responded to Interrogatory Nos. 9 and 10, and Defendant's request to compel responses for those Interrogatories is granted.

For Interrogatory Nos. 11 and 12, Defendant seeks details about Plaintiff's allegations that she advanced to a higher pay grade.

> Interrogatory No. 11: With regard to the allegations contained in paragraph 12[4] of your Second Amended Complaint, describe in detail your allegations that you "requested that [you] be advanced into a higher pay grade." In providing your response, please indicate a) the person or persons to whom you contend you made this request, b) the exact date upon

---

[4] Paragraph 12 of the Second Amended Complaint states: "Throughout her employment, Percell was given Ms. Harl's job duties because of Harl's inability to perform them. In 2011, additional duties were given to Percell such that the only functions that remained the responsibility of Ms. Harl was answering incoming calls, sorting mail, processing cadet applications, and inputting data. None of which involved the actual responsibilities of the Administrative Specialist III functions, which were being performed by Percell at this point. Because of her added duties in late 2011, Percell requested that she be advanced into a higher pay grade."

11

which any request was made, c) whether any such request was made in writing, and if not, d) the exact verbal communication made.

Interrogatory No. 12: With regard to the allegations contained in paragraph 13[5] of your Second Amended Complaint, describe in detail your allegation that you "requested that [you] be advanced into a higher pay grade." In providing your response, please indicate:
a) The person or persons to whom you contend you made this request;
b) The exact date upon which any such request was made;
c) Whether any such request was made in writing, and if not, the exact verbal communication made.

For both interrogatories, Plaintiff only objected because it would require her to provide a lengthy explanation that can be explored through deposition(s). For the reasons explained above, the Court overruled those objections. Accordingly, Defendant's request to compel responses to Interrogatory Nos. 11 and 12 is granted, and Plaintiff is directed to provide full responses.

For Interrogatory Nos. 15 and 16, Defendant seeks facts surrounding claims of interference or attempted interference of Family Medical Leave Act ("FMLA") rights.

Interrogatory No. 15: Describe in detail the facts surrounding the claim in paragraph 36[6] of your Second Amended Complaint, that the KDMA had "interfered" or "attempted to interfere" with your exercise of FMLA rights, including but not limited to:
a) the substance of allegations;
b) the dates of occurrence
c) the identity of all persons engaging in conduct that you believe constituted such discrimination; and
d) the identity of any witness involved.

---

[5] Paragraph 13 of the Second Amended Complaint states: "On or around March 2013, Bluegrass ChalleNGe Academy hired Dottie Heffelfinger, a white female, as Administrative Assistant which is a Grade 8 paying position. Approximately one (1) to two (2) months later, however, Percell discovered that Heffelfinger had been promoted to Administrative Specialist III, a Grade 12 paying position, despite the fact that she also did not possess the requisite college degree and Percell did. The position had not been posted to allow for Percell to apply which is contrary to the requisite posting and filling procedures. At that time, once again, Percell requested that she have the same opportunity to advance to a higher pay grade and pointed out that she was performing more job functions than Harl and Heffelfinger." (Docket # 22).

[6] Paragraph 36 of the Second Amended Complaint states: "On or about June 14, 2016, Bluegrass ChalleNGe Academy, by and through the acts of its agents and employees, violated the FMLA, specifically 29 U.S.C. §2615(a)(1), by interfering and attempting to interfere with Percell's exercise of her rights under the FMLA by discharging her from employment."

Interrogatory No. 16: Describe in detail the facts surrounding the claim in paragraph 35[7] of your Second Amended Complaint, that on June 11, 2016, the KDMA "became aware that [you were] about to submit an FMLA leave request," including but not limited to each and every individual to whom you indicated your intent to take leave, the position and pay grade of each individual, and whether you indicated your intent in writing, and, if not, the exact substance of any such verbal communication.

For both interrogatories, Plaintiff states that following her discussion with Branch Manager Michael Major and Cadre Supervisor Delbert Richardson, wherein she made it known that she would be taking leave due to her husband's condition, she was immediately fired as a result, among other things, to prevent her from taking FMLA leave. In her Response, Plaintiff points to paragraph 36 of the Second Amended Complaint, which provides:

> On or about June 14, 2016, Bluegrass ChalleNGe Academy, by and through the acts of its agents and employees, violated the FMLA, specifically 29 U.S.C. §2615(a)(1), by interfering and attempting to interfere with Percell's exercise of her rights under the FMLA by discharging her from employment.

(Docket # 22, pp. 7-8).

Plaintiff argues that she sufficiently responded to the interrogatories by stating that she had a discussion with the two named individuals and by giving the substance of that conversation. Defendant argues that Plaintiff failed to indicate whether these were the only individuals with whom she discussed the matter, if any such communications were in writing, and whether she indicated an intent in writing. Plaintiff needs to fully respond to the interrogatories as required under Federal Rule of Civil Procedure 33(b). *See Heller v. City of Dall.*, 303 F.R.D. 466, 487 (N.D. Tex. 2014) (citing *Evans v. United Fire & Cas. Ins. Co.*, 2007 WL 2323363, at *1, 3 (E.D. La. Aug. 9, 2007) (emphasis in original)). Accordingly, Defendant's requests to compel responses to Interrogatory Nos. 15 and 16 are granted, and Plaintiff is directed to provide full responses.

---

[7] Paragraph 35 of the Second Amended Complaint states: "Beginning on or about June 11, 2016, Bluegrass ChalleNGe Academy became aware Percell was about to submit an FMLA leave request." (Docket # 22).

**Conclusion**

IT IS HEREBY ORDERED that Defendant's Motion to Compel is GRANTED in part and DENIED in part, as described above. (Docket # 35). Plaintiff shall supplement her responses to Interrogatory Nos. 1, 2, 3, 4, 5, 9, 10, 11, 12, 15, and 16 by the end of business on October 8, 2018.

*Lanny King* [signature]

**Lanny King, Magistrate Judge**
**United States District Court**

September 28, 2018

c: Counsel